THE PEOPLE OF THE STATE OF NEW YORK, Respondent *v* FRANCIS ASBURY HAWKINS, Appellant.

Upon a criminal trial, where the defense is insanity, it is not competent to prove declarations made by the defendant to his physician as to his condition at a time prior to the declarations; nor are such declarations a proper basis of a scientific opinion as to his mental condition at that time.

*It seems* that everything said or done at a given period is proper as serving to disclose the mental condition of the actor, except his narrative as to what he said or did, or of his feelings or bodily ailments upon a former occasion; this is of no higher grade than the declarations of third persons as to a past transaction, and in like manner is inadmissible.

Upon the trial of an indictment for murder in the first degree, the court, after stating to the jury that this degree was " the taking of human life with deliberation and premeditation," in defining the word deliberation, charged as follows: " All that the law requires is this, that there should be some reflection and some thought that precedes the blow. If there is thought, if there is reflection on the act, and if there is a choice and a determination as the result of these mental actions, then there is sufficient deliberation within the law." *Held,* no error.

(Argued April 11, 1888; decided June 5, 1888.)

APPEAL from judgment of the Court of Oyer and Terminer in and for the county of Suffolk, entered upon a verdict rendered December 7, 1887, convicting the defendant of the crime of murder in the first degree.

The facts, so far as material, are stated in the opinion.

*Benjamin F. Tracy* for appellant. Everything the defendant said and did up to the very time of the trial, and even upon the trial, may be given in evidence before the jury, and may be considered by the expert in forming his opinion. (*Cauldwell* v. *Murphy*, 11 N. Y. 416; *Werely* v. *Persons*, 28 id. 344; *Abeson* v. *Lord Kinnard*, 6 East, 188; 1 Greenl. on Ev. § 102.) The learned judge erred in his charge to the jury as to deliberation and premeditation. (*Leighton* v. *People*, 88 N. Y. 120; 10 Abb. N. C. 268; *People* v. *Mangano*, 29 Hun, 259.)

*Wilmot M. Smith* and *James H. Tuthill* for respondent. The jury may believe so much of the confession and so much of the prisoner's testimony as commends itself to their judgment, and reject the rest. (1 Greenl. on Ev. [6th ed.] 218; *People* v. *Beckwith*, 103 N. Y. 368.) If the jury did not believe the prisoner's statement as to the conversation in the carriage, then there is no proof of what took place in the carriage, except the shooting. (*People* v. *Conroy*, 97 N. Y. 75, 79; *Heald* v. *Thing*, 45 Maine 392.) An expert cannot give his opinion upon a case based upon statements made to him by parties out of court and not under oath. (*Heald* v. *Thing*, 45 Maine, 392.)

DANFORTH, J. The defendant was convicted of murder in the first degree. He alleges error on the part of the trial judge; first, in rejecting evidence to show that he was insane when the act was committed; second, in charging the jury, and, these failing, asks for a new trial upon the ground that the verdict is so against the weight of evidence and against law that justice requires it.

The homicide was committed on the 1st of October, 1887, at the town of Islip. The trial came off on the fifth of December following, and one Dr. Gray, being examined as a witness for the defense, stated that about two weeks before that time he had visited the defendant, conversed with him and received a history of his case, together with his symptoms. He was

then asked by defendant's counsel: "Q. Was there anything that attracted your attention to him in September last? A. Yes, sir. Q. What? A. His description of it to me." District attorney: "I do not think it is proper to base a question upon his description of how he was. The court: The prisoner is a competent witness for himself on that subject." Counsel for defendant: "If the defendant was giving his symptoms to the doctor historically, and without any suggestion on the part of the doctor, it seems to me that that would be more important and it would be more likely to be truthful and sincere than any evidence we might bring here now for him. At least it is not subject to the criticism that it has been suggested to him. The court: I think it is the prisoner's statement unsworn — that is, he told the doctor so. But the symptoms, as he detailed them, get to the jury without the obligation of an oath. You may prove the symptoms by him, and then put them all in the form of a question to the doctor. I sustain the objection."

The same point is raised by a similar exception at a later stage of the trial. The ruling of the trial judge is well supported by the reason given by him. The prisoner's declaration in November as to his condition in September was not competent as evidence of his actual condition at that time, nor could it be the basis of a scientific opinion as to whether he was sane or insane at that period. Had the question related to his condition at the time of the interview, the result might be quite different. Everything said or done at a given period serves to disclose the mental state of the actor, but his narration as to what he said or did, or of his feelings or bodily ailments upon a former occasion, furnishes no foundation for an opinion as to his actual state or condition at that time. It is of no higher grade than the declarations of third persons as to a past transaction, and in like manner is inadmissible. The witness was admitted to testify as an expert concerning the mental condition of the person in question, and his opinion would be of value only when founded on facts observed by himself, or proved by other witnesses under the obligation of an oath,

or upon hypothetical statements.　To a certain extent an expert exercises the functions of a juror; his opinion is his verdict upon the point submitted to him and must be based on competent evidence.　The representation of a sick person of the nature, symptoms and effects of any malady under which he is laboring at the time of making those representations are sometimes received as original evidence, but I find no case which allows those representations to be received as evidence of his condition at any other period.

The defendant excepted " to that part " of the charge in which the word " deliberation " and the word " premeditation " were defined.　In general but explicit words the learned judge first called the attention of the jury to the distinction between the crime of murder and the crime of manslaughter. Restating the conceded fact that " the defendant fired a shot at his mother," he said: " If he intended to kill her he committed murder.　But if under any state of mind he fired a shot without that intent to kill, then he committed manslaughter; " and adds, " if he committed manslaughter he committed, as counsel for defense conceded, manslaughter in the first degree."　The learned judge next explained the degrees of murder, that the first was " the taking of human life with deliberation and premeditation; " and referring to the temper and disposition of men, as exhibited in different individuals, he recognized in some the considerate faculty and the easy submission of others to the impulse of anger, malice or other violent passions, suggesting that the mind of one man is quick and active, enabling him to reach a conclusion as if by instinct, while that of another is sluggish, carrying him along slowly, " and, therefore," he said, " it is left to the jury always to determine whether there was in the particular act sufficient deliberation in the mind of the particular individual who is on trial to warrant a conviction of murder in the first degree.　When you come to define the word, all that the law requires is this: That there should be some reflection and some thought that precedes the blow.　If there is thought, if there is reflection on the act, and if there is a choice and a

determination as the result of those mental actions, then there is sufficient deliberation within the law." The trial judge then read from the case of the *People* v. *Conroy* (97 N. Y. 62), the remarks of the learned chief judge of this court in elucidating the meaning of these important qualifying words, and said: "You will apply that principle in this case. If you believe the evidence upon the part of the prosecution, there was deliberate preparation for this crime. On the other hand, if you believe the testimony of the prisoner as to the manner in which the crime was committed, I am inclined to think that it would indicate murder in the second degree. But still it goes to you as a question of fact for you to determine." The charge was full and comprehensive. No request was made for other instructions, and as to the accuracy of that given and its support by the evidence in the case, we entertain no doubt. Upon the remaining point, that which presents the verdict as against evidence and leading to an unjust judgment, we cannot hesitate. We find it impossible to infer from the evidence that the act of the defendant, and for which he was indicted, was either unpremeditated or unintentional. On the contrary, we are brought by it to believe that the act was one he intended to do.

\*     \*     \*     \*     \*     \*     \*

A new trial should, therefore, be denied, and the judgment appealed from affirmed.

All concur.

Judgment affirmed.

NOTE. — The omitted portion of the opinion is a statement of the substance of the evidence given on the trial.