# CHARLESTON.

## STATE *v.* MILLS.

Submitted January 10, 1890.—Decided January 30, 1890.

1. JURIES—SUMMONING FROM BY-STANDERS.
    Section 14 of chapter 116 of the Code authorizes the Circuit Court, in the proper exercise of a legal discretion, to summon a panel of the requisite number of jurors from by-standers.

2. NEW TRIALS.
    It is error for the Circuit Court to refuse to set aside a verdict and grant a new trial, in a felony case, when the State fails to prove at the trial that the alleged offence was committed within the jurisdiction of the court.

*French & French* for plaintiff in error.

*Attorney-General Alfred Caldwell* for the State.

LUCAS, JUDGE:

This case comes before this Court on a writ of error from Raleigh county Circuit Court to a judgment rendered therein at its April term, 1889. The prisoner had been indicted for the murder of one George B. McKinney, who was shot and killed at the house of one James A. Mitcham; and the jury found the prisoner not guilty of murder, but guilty of voluntary manslaughter. A motion in arrest of judgment, and for a new trial, was made, and overruled by the court, which thereupon proceeded to sentence the prisoner to the penitentiary for the period of two years. A bill of exceptions was filed which sets out the evidence in full, and also included two affidavits of after-discovered testimony.

The first assignment of error is because the jury by which the prisoner was tried was summoned from the by-standers, and without any other *venire facias* than the order of the Court, entered of record. Chapter 116 of the Code prescribes the manner of electing, summoning, and challenging jurors, and makes no distinction in the method to be pursued between civil and criminal cases, except in the number of challenges. Section 14 of that chapter provides as follows: "Nothing contained in the preceding sections shall prevent any court, in term-time, from requiring other jurors to be drawn in like manner, or requiring other jurors, whether so drawn or not, to be summoned, whenever it shall be found necessary, for the convenient dispatch of business, in which case the jurors so summoned shall be required to attend on such days as the Court shall direct." The power thus conferred on the Circuit Court should be exercised with due precaution, in the discretion of the court; but, when so exercised, such action is not illegal, or objectionable. The order of the Court, when the jury is to assemble forthwith, would seem to be the only *venire facias* required.

The second error assigned is that the venue was not proved. That the alleged crime was committed within the jurisdiction of the Court was a material fact, in order to convict,

and should have been proved as charged. See *Hoover* v. *State*, 1 W. Va. 336. For want of such proof, the judgment of the Circuit Court must be reversed, and the case remanded for a new trial. This evidence was no doubt accidentally omitted, although perhaps easily accessible. Reversals for causes not readily appreciated by the popular intelligence have a tendency to lower the public estimate of the administration of the criminal law. An enactment requiring a rigid scrutiny of the order-book and notes of testimony by the Court, in criminal cases, before submission to the jury, might have a salutary effect in preventing oversights. It is not necessary to notice the remaining assignments of errors, and to comment upon the force and effect of the evidence would be manifestly improper. The judgment rendered by the said Circuit Court on the 26th day of April, 1889, must be reversed and annulled, and the verdict of the jury set aside, and a new trial awarded.

REVERSED. REMANDED.