# Court of Appeals.

April 11, 1893.

## PEOPLE v. THOMAS PALLISTER.

(51 St. Rep. 723; 138 N. Y. 601.)

1. Appeal—Court of appeals.

> In a capital case, the presence of an exception is not essential in support of an appeal by the defendant. The duty is imposed

by statute upon the court of appeals in such cases to order a new trial, whether any exception shall have been taken or not in the court below, if considerations of justice, based upon the presence in the record of errors prejudicial to the substantial rights of the accused, demand it.

### 2. Same—Charge.

Where a request to charge is, in substance and in spirit, amply covered by the language of the main charge, it is properly refused.

### 3. Same.

It is essential to the correctness of a charge that it should be clear in its definitions of the prisoner's legal rights, and that it should not tend to mislead the jury upon the rules of law which should govern them in their deliberation upon the evidence.

### 4. Evidence—Homicide.

The admission of testimony as to the defendant stabbing a companion of the deceased which occurred after the offense of which the defendant stood indicted, is no error, where it occurs in the same affray in which the deceased was killed, and is sufficiently connected with the killing of the deceased, as an incident, to make it admissible.

Appeal from judgment of court of general sessions of New York, convicting defendant of murder in the first degree.

Orin Gambell, for appellant.

Henry B. B. Stapler, for respondents.

GRAY, J.—The appellant was indicted upon the charge of murder in the first degree, for the killing of Adam Kane. He was tried upon the charge, and a verdict was rendered, finding him guilty. The fact of the killing was not in dispute, but the defendant claimed it was a justifiable homicide. The evidence is conflicting only with respect to what immediately led to the killing of the deceased by the defendant. The defendant was walking with a friend upon Grand street, in the city of New York, in the evening of April 30, 1892, and, while passing by a group of men, of which the deceased was one, some jostling occurred which provoked a quarrel and a fight between the defendant and the deceased. They were separated, and the defendant went off with his friend, who had been injured in the

course of the affray. He soon returned with a knife in his hand, which he had procured from a grocery store, to where the deceased and his companions were. He attacked them, and stabbed the deceased in the groin, inflicting a wound which caused his death upon the second day afterwards. He followed the others, who were running from him, and stabbed another man three times. According to the defendant's evidence, he had been chased into the grocery store, and armed himself with the knife under those circumstances; that he went out and told the deceased and his companions that he proposed to have them arrested, and would follow them for that purpose; that they then attacked him, and in the affray he used his knife, without knowing exactly what he did. The evidence for the prosecution, however, was overwhelming to show that the defendant, immediately after the fight between him and the deceased had been terminated by their separation, deliberately proceeded to arm himself with a butcher's knife and a steel knife-sharpener; went back with loud threats to attack the party of men, and commenced striking left and right, with the result of killing the deceased, and of cutting another. Being pursued by a police officer, he ran into the shop from which he had taken the knife and steel, and threw them down.

To the police officer's question as to what he had done this for, he replied: "That is the way you have got to do them people." The learned recorder, in his charge to the jury, instructed them upon the law applicable to the case most ably and carefully; and he reviewed the facts testified to clearly and in the most impartial manner. So satisfactory was his charge to the jury that, though defended by an experienced counsel, who was well versed in criminal law and practice, no exception was taken to it on the prisoner's behalf. Prior, however, to the delivery of the charge certain written requests to charge had been handed to the recorder, and, upon the conclusion of the charge, counsel asked if he had seen the requests; to which the recorder answered "Yes," and that he had "covered them all as far as he intended to." That was all that occurred, no exception being taken to the recorder's action upon the requests. Upon this appeal the defendant is represented by another counsel, of experience and ability, and the only errors relied upon relate

to the refusal to charge two of the written requests, and to a question of evidence. As to the requests, the argument is that the prisoner was entitled to have the jury instructed fully according to their tenor. As no exception was taken to any refusal to charge upon the requests, this court, in its review of the proceedings upon the trial, is not required to consider the contention of the appellant's counsel further than to see whether it is made to appear that justice requires the ordering of a new trial. The presence of an exception is not, of course, essential in support of the appeal of the defendant; as the duty is imposed by the statute upon this court in capital cases to order a new trial, whether any exceptions shall have been taken or not in the court below, if considerations of justice, based upon the presence in the record of errors prejudicial to the substantial rights of the accused, demand it. But it may be observed very properly, the absence of an exception upon the trial, where the accused has been defended by counsel known to be able and experienced, deprives the argument of much force which seeks to assail in this court the correctness of some part of the proceedings. The requests to charge, to which the appellant's counsel alludes, are as follows:

"Sixth. The defendant had a right to follow the deceased for the purpose of having him arrested, and to use all lawful means in procuring such arrest, and if assaulted by the deceased when engaged in endeavoring to have the deceased arrested, he did apprehend or had reasonable ground to apprehend a design on the part of the deceased to do him some great personal injury, and that there was imminent danger of such injury being accomplished, then, under these circumstances, defendant was justified in taking the life of the deceased.

"Seventh. The burden of proof rests upon the prosecution, and if upon the whole evidence, including that of the defense, as well as of the prosecution, the jury entertain a reasonable doubt of the guilt of the accused, he is entitled to the benefit of that doubt and must be acquitted."

As to the first, it is sufficient to say that the defendant was not entitled to it, under the circumstances disclosed by the evidence. No such condition of things was shown as a lawful and orderly endeavor to effect the arrest of wrongdoers. The defendant

had no right to arm himself with a dangerous weapon and to pursue the deceased and his companions; for, whether upon his own evidence, or upon that adduced for the prosecution, it was clear that when he returned to the scene of the first affray he had so armed himself. He was under no obligation to pursue any of the parties with whom he had been in conflict. That was over, and if he wished to cause their arrest, other ways were open to him than to do as he says he did. In his charge the learned recorder instructed the jury fully upon the law of self-defense, and the jury could have been under no misapprehension as to what circumstances would warrant a person in killing his assailant under an apprehension of personal peril.

With respect to the second of the requests mentioned, we have most carefully considered and weighed the charge and we do not find it open to adverse criticism. The precise words of the request are not present; but in substance and in spirit its proposition is amply covered by the language of the charge. It is essential to the correctness of a charge that it should be clear in its definitions of the prisoner's legal rights, and that it should not tend to mislead the jury upon the rules of law which should govern them in their deliberation upon the evidence. Examined in the light of that rule, we think this charge is not subject to the criticism of counsel that the jury were not sufficiently informed as to where lay the burden of proof.

The learned recorder charged the jury most unequivocally and most emphatically; at one time, that the law gave the defendant "the benefit of every reasonable doubt arising out of the evidence, and it gives him the benefit of the presumption that he is an innocent man until that presumption is overcome by proof satisfactory to you." And again, that "if you entertain any reasonable doubt on any feature of this case, the defendant is entitled to the benefit of that reasonable doubt." He told them if they came to the conclusion that the defendant killed the deceased in lawful self-defense, to "acquit him at once." The defendant did not dispute the killing of the deceased, but rested upon the justification of self-defense. Under that issue, the recorder's duty was performed when he instructed the jury as he did with respect to the presumption of innocence and the right of the accused to the benefit of every reasonable doubt

upon the evidence. He was very full and clear in all that he said to the jury, and we think the charge unexceptionable.

The appellant's counsel argues that it was error to admit the testimony as to the prisoner's stabbing Patrick Kane, the companion of the deceased, inasmuch as it occurred after the offense of which the defendant stood indicted, and constituted no part of the res gestae. The exception is untenable. The stabbing of Patrick Kane was something which occurred in the same affray in which the deceased was killed, and was sufficiently connected with the killing of the deceased as an incident to make it admissible. It was one of those surrounding circumstances which related to and illustrated the principal fact, and therein lay the principle of its admissibility. People v. O'Neill, 112 N. Y. 355; 20 St. Rep. 754.

Upon a careful consideration of the whole record, we are satisfied that the verdict was reached upon abundant and competent evidence, and that nothing appears which could justify us in awarding a new trial.

The judgment should be affirmed.

All concur.