# Court of Appeals.

October, 1904.

## THE PEOPLE v. NELSON BOGGIANO.

(179 N. Y. 267.)

1. MURDER—PREMEDITATION AND DELIBERATION.

To justify a verdict of murder in the first degree there must be proof not only of an intention to kill, but also of a deliberate and premeditated design to kill. Such design must precede the killing by some appreciable space of time. But the time need not be long. It must be sufficient for some reflection and consideration upon the matter, for choice to kill or not to kill, and for the formation of a definite purpose to kill. And when the time is sufficient for this, it matters not how brief it is. The human mind acts with celerity, which it is sometimes impossible to measure, and whether a deliberate and premeditated design to kill was formed must be determined from all the circumstances of the case, and when there is

sufficient proof of such premeditation and deliberation, the Court of Appeals will not interfere with the determination of the jury in that respect. .

2. NEW TRIAL—CODE CRIM. PRO. SEC. 528.

The evidence upon the trial of an indictment for murder in the first degree examined and held not to warrant a new trial under section 528 of the Code of Criminal Procedure, upon the ground that justice had not been done.

3. REASONABLE DOUBT.

The refusal of the trial court to charge a request, that if the jury is in doubt as to what actually happened in the room in the house in which the homicide was committed, they must bring in a verdict of not guilty, presents no reversible error, since the request was not limited to a reasonable doubt, but included any doubt, however slight, which the jury might have as to the most trivial act or circumstance that occurred there; especially in a case where the cour- has charged fully, clearly and properly as to the right of the act cused to the benefit of every reasonable doubt upon the evidence.

APPEAL from a judgment of the Supreme Court, rendered at a Trial Term for the county of Erie, September 29, 1903, upon a verdict convicting the defendant of the crime of murder in the first degree.

The facts, so far as material, are stated in the opinion.

Philip V. Fennelly for appellant.   No deliberate and pre-meditated design to effect the death of the person killed has been shown in this case.   (Stokes v. People, 53 N. Y. 164; People v. Beckwith, 103 N. Y. 360; People v. Conroy, 97 N. Y. 62.)   The testimony establishing self-defense, corro-borated by the People's evidence, precludes the possibility of premeditation or deliberation.   (Ruloff v. People, 45 N. Y. 213; People v. Kennedy, 159 N. Y. 346.)   The court erred in refusing the plaintiff's request to charge that "if the jury is in doubt as to what actually happened in that room

(meaning the room where the alleged homicide is alleged to have taken place) that they must bring in a verdict of not guilty." (People v. Guidici, 100 N. Y. 503.) The verdict was against the weight of evidence and justice requires a new trial. (O'Brien v. People, 36 N. Y. 276; People v. Kelly, 113 N. Y. 647; People v. Fish, 125 N. Y. 136.)

Edward E. Coatsworth, District Attorney (William S. Jackson of counsel), for respondent.

MARTIN, J.

It was claimed by the People that the defendant had become infatuated with the decedent's wife, between whom and the decedent there had been domestic difficulties, and that ill-feelings had arisen between the defendant and the decedent, which, together with such infatuation, constituted a motive on the part of the defendant to commit the alleged crime. He testified in his own behalf, admitting that he killed the decedent, but claimed that it was in self-defense. He also denied making the threats which were alleged and proved, or that he had any interest in the decedent's wife other than that of friendship. There was no eye-witness to the homicide, and, hence, the determination of the question of the defendant's guilt was dependent upon his testimony and the facts and circumstances proved in the case.

In determining the questions presented by the appellant it is unnecessary to review the evidence in detail, as it is manifest from the direct proof and the facts and circumstances established that the question whether the defendant killed the decedent under circumstances constituting the crime of murder in the first degree, or whether his act was justified upon the ground that it was in self-defense, was clearly a

question of fact for the jury which found against the defendant.

First. The appellant contends that no deliberate and premeditated design to effect the death of the decedent was proved. That it was necessary to establish premeditation and deliberation on the part of the defendant to justify the verdict, there is no question. By an examination of the evidence it is plainly disclosed that there was proof which, if believed by the jury, was sufficient to establish both premeditation and deliberation. This consisted of threats made by the defendant and of facts and circumstances proved and admitted as to the relations of the parties, the time and manner in which the offense was committed, the conduct of the defendant, his relations with the decedent's wife, and other facts and circumstances which had a bearing upon that question. What is necessary to establish premeditation and deliberation has been so often considered by this court that further discussion seems unnecessary, except to state the rule applicable to this question as established by its decisions, "Under the statute, there must be not only an intention to kill, but there must also be a deliberate and premeditated design to kill. Such design must precede the killing by some appreciable space of time. But the time need not be long. It must be sufficient for some reflection and consideration upon the matter, for choice to kill or not to kill, and for the formation of a definite purpose to kill. And when the time is sufficient for this, it matters not how brief it is. The human mind acts with celerity, which it is sometimes impossible to measure, and whether a deliberate and premeditated design to kill was formed must be determined from all the circumstances of the case." (Leighton v. People, 88 N. Y. 117; People v. Majone, 91 N. Y. 211, 212; People v. Conroy, 97 N. Y. 62, 76; People v. Hawkins, 109 N. Y. 408; People v. Johnson, 139 N. Y. 358; People v.

Constantino, 153 N. Y. 24; People v. Kennedy, 159 N. Y. 346.)

It is also firmly established by the decisions of this court that where the proof is sufficient to justify the jury in finding that the homicide was intentional, and resulted from sufficient deliberation and premeditation to warrant a verdict of murder in the first degree, this court will not interfere with the determination of the jury upon the facts. (People v. Sutherland, 154 N. Y. 345; People v. Kennedy, 159 N. Y. 346.) It follows, therefore, that the determination of the jury upon the question of premeditation and deliberation should not be disturbed by this court.

Second. The appellant contends that the verdict was against the weight of evidence, and that justice requires a new trial. It is apprehended that the intention of the defendant was practically to assert that he should have a new trial under the provisions of section 528 of the Code of Criminal Procedure, which in effect provides that in a case where the judgment is of death the Court of Appeals may order a new trial, if satisfied that the verdict is against the weight of evidence or against law, or justice requires a new trial, whether any exception shall have been taken or not. This section has been many times considered by this court, and it has uniformly held that it is not in the province of the court to review or determine controverted questions of fact arising upon conflicting evidence, but that the jury is the ultimate tribunal in such cases and with its decision this court cannot interfere, unless it reaches the conclusion that justice has not been done. We are unable to reach any such conclusion in this case, and, therefore, cannot properly interfere with the result upon that ground.

Third. The only other question presented by the defendant arises upon his exception to the refusal of the court to charge that "if this jury is in doubt as to what actually hap-

pened in that room (meaning a room in the house where the homicide was committed), that they must bring in a verdict here of not guilty." To this request the court, after having sought to ascertain the purpose of the defendant's counsel in making the request, finally declined to charge the defendant's request in that form. Therefore, the only question of law presented is whether the defendant was entitled to the charge requested in the form or substantially as made. In passing, it may be observed that the charge in this case, as well as the rulings upon the trial, was pre-eminently fair to the defendant and as favorable to him as he could properly ask. It is also manifest from the record that the court sought quite diligently to ascertain the precise point of the defendant's request and thereby determine whether there was any proposition included therein which it could charge with propriety and justice. But it resulted only in the defendant's persistence in the request to charge the jury that if it "was in doubt" as to what happened in that room where the offense was committed, it must bring in a verdict of not guilty. This request was not limited to a reasonable doubt, but included any doubt, however slight, which the jury might have as to the most trivial act or circumstance that occurred there. The effect of establishing such a rule would be to require the People in every criminal case to submit proof that would establish, to an absolute certainty, all the ingredients of the crime before a conviction could be had, and would exclude circumstantial evidence altogether. Moreover, the court had already plainly and specifically charged that the defendant was presumed to be innocent until the contrary was proved, and that in case of a reasonable doubt whether his guilt was satisfactorily shown, he was entitled to an acquittal; and also that when it appears that a defendant has committed a crime, and there is reasonable ground of doubt in which of two or more degrees he is guilty, he can be convicted of the lowest of those

degrees only. Again, in charging upon the question of self-defense, the court said. "Of course, if what he (the defendant) did there was justifiable by way of self-defense, under the rule of law as I have given it to you, then your verdict should be a verdict of not guilty, and if you have a reasonable doubt upon that subject, you should give it to the defendant,—and that applies not only to that particular feature of the case, but to every other feature of the case, as well as to the question of the degrees of crime, if one has been committed." It was further charged: "If you reach the conclusion, beyond a reasonable doubt, that the defendant has committed a crime, then it will be your duty to say so by your verdict; if you reach the conclusion, beyond a reasonable doubt, that he is guilty of murder in the first degree, then your verdict will be simply, 'Guilty as charged in the indictment.'" The court then defined a reasonable doubt, and again repeated: "If you reach the conclusion that a crime has been committed, and that it is proven beyond a reasonable doubt, then it is your duty * * * that you shall say so by your verdict. Of course, if you reach the conclusion that it has not been proven beyond a reasonable doubt and that the defendant is innocent of any crime, which of course follows, if you find it has not been proved beyond a reasonable doubt, then it will be your duty, * * * to report a verdict of not guilty." This was the end of the charge of the court, except that it charged certain requests made by the defendant. Immediately following was the request to which we have already referred, to charge the jury that if it "is in doubt as to what actually happened in that room, they must bring in a verdict here of not guilty." The court having charged fully, clearly and properly as to the right of the accused to the benefit of every reasonable doubt upon the evidence, a denial of a request to charge the proposition in different language was not error. (People v. Pallister, 138 N. Y. 601.)

As we have already seen, the request here was to charge the jury that it must acquit if in doubt. Such is not the law. The request was incorrect. Moreover, it was vague and indefinite, and could not properly have been granted in that form or substance, and besides, the court had fully and correctly charged upon the subject. Hence, it follows that the defendant's exception to the refusal of the court to so charge was not well taken.

Having considered all the questions presented to this court by the defendant, and finding none that would justify us in reversing the judgment or granting a new trial, the judgment appealed from must be affirmed.

CULLEN, Ch. J., O'BRIEN, VANN and WERNER, JJ., concur; GRAY and HAIGHT, JJ., absent.

Judgment of conviction affirmed.