(49 Misc. Rep. 82)

PEOPLE v. DINSER.

(Court of General Sessions, New York County.   December, 1905.)

1. WITNESSES—CREDIBILITY.

On trial for murder, an instruction that if the witness willfully testifies falsely as to any fact, the jury are authorized, but not bound, to disbelieve his entire testimony, and that this rule applies to every witness called by the prosecution and the defense, as well as to the defendant himself, is not error.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, § 1080.]

2. CRIMINAL LAW—PRESUMPTION OF INNOCE NCE.

An instruction that accused is presu ned to be innocent until the contrary is proved, and that this presumption rests with the accused until the moment the jury are convinced f.om the evidence he is guilty, and then the presumption is destroyed, is not error, where from the remainder of the charge the jury could have nad no doubt as to the amount of proof required to convict.

[Ed. Note.—For cases in point, ree vol. 14, Cent. Dig. Criminal Law, §§ 1846–1857.]

3. WITNESSES—TRIAL—EXAMINATION JY COURT.

That the court interrogated a witness is not error.

[Ed. Note.—For cases in po? .t, see vol. 50. Cent. Dig. Witnesses, §§ 852–856.]

4. HOMICIDE—EVIDENCE.

On trial for murder, evid'rice of ill feeling on the part of the defendant towards the deceased is ac' nissible.

[Ed. Note.—For cases in point, see vol. 26, Cent. Dig. Homicide, §§ 288–292.]

Gustav Dinser was convicted of murder in the second degree, and applies for a certificate of reasonable doubt pending the appeal. Motion denied.

Robert C. Taylor, Asst. Dist. Atty., for the People.
K. Henry Rc enberg, for defendant.

ROSALSK :, J.   The defendant above named was indicted for the crime of r .urder in the first degree, and on the 21st day of November, 1905, was convicted of murder in the second degree, and thereafter·sentenced to imprisonment for life.   The defendant now applies for a certificate of reasonable doubt pending his appeal to the Appellate Division of the Supreme Court, First Department, from said judgment of conviction.

The defendant in support of his application assigns the following alleged grounds of error:   (1) The court erred in its charge to the jury that they may disregard testimony of a witness where such witness willfully testified falsely to any fact.   (2) The court erred in its charge to the jury on the question of the duration of the presumption of innocence, its application, and limitation.   (3) The court committed prejudicial error in examining and cross-examining witnesses.   (4) The court erred in permitting evidence to be introduced, proving the defendant guilty of a separate and distinct crime.   Although many exceptions were taken to the admission and exclusion of testimony and to the charge to the jury, nevertheless, of the four grounds urged,

exception was taken only to the third and fourth grounds herein indicated.

Section 527 of the Code of Criminal Procedure, among other things, provides as follows:

"And the appellate court may order a new trial if it be satisfied that the verdict against the prisoner was against the weight of evidence or against law, or that justice requires a new trial, whether any exception shall have been taken or not in the court below."

It will be observed that the above provisions of law were undoubtedly enacted by the Legislature for the purpose of safeguarding the interests of a defendant. In order that the defendant may avail himself of any of its provisions, it must appear from the record, although no exceptions were taken, that the verdict was (a) against the weight of evidence; (b) against the law; (c) that justice requires a new trial. People v. Spiegel, 75, Hun, 161, 26 N. Y. Supp. 1041. This application, however, will be determined as though exceptions were taken to all the grounds of error.

The evidence in this case discloses one of the most brutal crimes recorded in the annals of criminal justice. The defendant, on the morning of September 4, 1905, violently and brutally assaulted one Gertrude Hyland, an infant, aged two years, the illegitimate child of Agnes Renaud, with whom the defendant lived, by striking several blows upon the body of this babe which resulted in her death. Thereafter the defendant, in company with Agnes Renaud, carried the body of the deceased several blocks and placed it in the hallway of a tenement house, in the borough of Manhattan, city of New York. The defendant, upon being arrested, at first claimed that he had no knowledge of the whereabouts of the child, and thereafter said that the father took the babe away. Upon the trial, however, the defendant testified that he and Agnes Renaud removed the body of the child in the manner herein indicated. The defendant admitted that he struck the child and contended that the use of violence on his part was not unlawful, because of the provisions of section 223 of the Penal Code. This section of the Penal Code, among other things, provides as follows:

"To use or attempt, or offer to use, force or violence upon or towards the person of another is not unlawful in the following cases: * * * (4) When committed by a parent or the authorized agent of any parent, or by any guardian, master, or teacher, in the exercise of a lawful authority to restrain or correct his child, ward, apprentice or scholar, and the force or violence used is reasonable in manner and moderate in degree."

Although the defendant did not bear the relationship as provided in this section, supra, nevertheless the jury was charged these propositions of law, and by the verdict of the jury it must be assumed that the defendant used force or violence which was not reasonable in manner and moderate in degree.

The learned counsel for the defendant contends that error was committed in the following instruction to the jury: "If you believe that a witness has willfully testified falsely as to any fact, you are authorized but not bound to disbelieve the entire testimony of the witness. This rule applies to every witness called by the prosecution and the

defense as well as to the defendant himself"—because the court failed to use the word "material." In People v. Petmecky, 99 N. Y. 421, 2 N. E. 145, the defendant was charged with the crime of murder in the first degree, and the charge objected to was similar to the language used in the case under consideration. This was the language of the court in that case:

"Whenever you find that a prisoner has made a statement not true, to establish a falsity instead of a truth, his testimony is not entitled to the credit of a witness who stands fairly before you uncontradicted. His testimony then is entitled to no weight or credit of itself, except so far as it is consistent with the known and established facts of the case or corroborated by other witnesses."

In passing upon this question the court said:

"That a jury are permitted to disbelieve the testimony of a witness who has willfully testified falsely before them as to any fact is not disputed, and the question here is whether the court below, said anything more than this." People v. Petmecky, 99 N. Y. 421–423, 2 N. E. 149.

In People v. Reavey, 38 Hun, 418, the request was:

"If any witness has willfully perverted the truth, they could disregard the whole of the testimony of such witness."

This the judge charged, not as a matter of law, but that the jury had authority to disregard the witness' testimony. People v. Reavey, 38 Hun, 418. In neither of these instructions was the word "material" used. It must be assumed that, although the word "material" was not used, in effect it referred to any "material fact." The charge must be read as a whole, and, if the charge be so read, it cannot be successfully contended that the jury could have been misled.

In People v. Tobin, the learned trial justice charged that it was not necessary that "every circumstance" should be proved beyond a reasonable doubt. The Court of Appeals held that what the justice meant was not every "incidental circumstance," and that the justice in his charge referred only to material circumstances. People v. Tobin, 176 N. Y. 278, 68 N. E. 359.

The second ground assigned in error is found in the following instruction to the jury:

"The defendant in a criminal action is presumed to be innocent until the contrary is proved. The presumption rests with the accused throughout the case until the moment when the jury are convinced from the evidence that he is guilty; then the presumption is destroyed. The rule of the law which clothes every person accused of crime with the presumption of innocence, and puts upon the people the burden of establishing his guilt beyond a reasonable doubt, is not intended to aid any one who in fact is guilty of the crime; but it is a humane provision of the law intended so far as human agencies can be guarded against danger of any innocent person being unjustly convicted and punished."

It seems that objection is taken to this portion of the charge because the court amplified section 389 of the Code of Criminal Procedure, which provides:

"A defendant in a criminal action is presumed to be innocent, until the contrary be proved."

The learned counsel for the defendant, in support of this contention, cites the case of People v. Ray, 36 App. Div. 389, 55 N. Y. Supp. 410, in which the following instruction appears in the record:

"In the first place a man charged with crime is entitled to the presumption that the law gives him of innocence until the proof given on the part of the prosecution overcomes that presumption and satisfies the jury beyond a reasonable doubt of his guilt of the crime with which he is charged."

That rule of law is applicable to all criminal cases and is applicable to this case. That is to say, the person accused of crime comes into court with the presumption accompanying him from time of the beginning of the trial, and throughout the trial, until by the testimony the jury are satisfied that the presumption has been overcome and beyond a reasonable doubt the prisoner is guilty of the offense charged. In addition to that rule, there is another rule of law which is applicable to all criminal cases and that the jury are the exclusive judges of every question of fact in the case. Presiding Justice Goodrich, who wrote the opinion says:

"It is a cardinal principle in criminal law that every man is presumed to be innocent of crime, and a person indicted for an offense is entitled to the benefit of this presumption until the case as submitted to the jury has established the contrary. The court would have correctly charged as to this presumption, and there would have been no error, if the cited sentence of the charge had ended with such statement of the law; but the court limited the effect of this presumption by saying that it lasts only until the proof given on the part of the prosecution overcomes that presumption and satisfies the jury beyond a reasonable doubt of his guilt of the crime with which he is charged. This, we think, was error. The presumption of innocence continues throughout the trial."

The quoted language of Mr. Justice Goodrich was not the expression of the court; for, on the contrary, in the prevailing opinion, concurred in by Justices Cullen and Bartlett, Mr. Justice Hatch says:

"I dissent from the doctrine announced by the Presiding Justice in his opinion in this case."

It seems that the Ray Case was reversed solely because of prejudicial remarks made by the district attorney. People v. Ray, 36 App. Div. 389, 55 N. Y. Supp. 410.

In case of People v. Pallister, 138 N. Y. 605, 33 N. E. 741, the Court of Appeals unanimously sustained the following instruction:

"The law gave the defendant 'the benefit of every reasonable doubt arising out of the evidence, and it gives him the benefit of the presumption that he is an innocent man, until that presumption is overcome by proof satisfactory to you.'".

In the case under consideration, the jury was instructed, fully and at length, that the burden of establishing the guilt of the accused rests upon the prosecution throughout the case; that the jury will only be justified in convicting the defendant, if the evidence satisfies them beyond a reasonable doubt of his guilt; and that the people are bound to establish every material fact necessary to a conviction before they can convict the defendant. A reading of the entire charge clearly shows that the jury could have no doubt as to the amount of proof required to convict.

With respect to the third alleged ground of error, that the court committed prejudicial error in examining Mr. Carl Fisher Hansen, it seems that the ground of objection is untenable. The authorities cited in support of the contention advanced by the learned counsel for the defendant are not applicable to this proposition. The presiding justice

has a right to interrogate witnesses. An error can only be assigned where the judge abuses his discretion and assumes the role of a prosecutor; but, in this instance, no such role was assumed by the court. On the contrary, it appears from the record that the witness Carl Fisher Hansen made certain statements concerning which the court felt justified in interrogating him, and while so doing cautioned the jury not to prejudice the interests of the accused; but the questions were not put in a prejudicial form or in any manner indicating that the court held or entertained any opinion regarding the testimony of this witness and the court in his charge, instructed the jury accordingly. Gill v. People, 3 Hun, 187; People v. Hackett, 82 App. Div. 86-91, 81 N. Y. Supp. 718.

The defendant also claims that error was committed in permitting evidence to be introduced showing that the defendant had assaulted Agnes Renaud, his mistress, and Gertrude Hyland, the deceased, on several occasions prior to the alleged fatal assault and at the time of the commission of the crime for which the defendant was convicted. When the testimony is read as a whole, relative to these transactions, it is abundantly clear that the ill treatment toward the mother was incidental to the ill feeling which the defendant began to manifest toward the unfortunate child, that the ill feeling toward the mother plainly flowed from the ill feeling toward the child, and that these acts toward the mother clearly bore upon the state of mind of the defendant relative to the child. This evidence was received for this sole purpose; and the court repeatedly instructed the jury that such was the purpose for which the evidence was received, and that it was not admitted for the purpose of proving any independent crime.

All the acts of the defendant, within a reasonable time of the homicide, were properly provable, as showing the state of mind of the defendant, and this proposition was clearly laid down in the case of People v. Conklin, 175 N. Y. 333, 67 N. E. 624. In the Conklin Case it was held that a lapse of two years did not make the conduct too remote to be proved, and in the case at bar everything that was proved occurred within four weeks of the homicide. The Court of Appeals, in a succession of authorities, has held, time and again, that the people can prove every circumstance attendant upon the homicide, including assaults upon other people, and that the proof is admissible, as proof of "attendant circumstances." People v. Pallister, 138 N. Y. 601, 605, 33 N. E. 741; People v. Parker, 137 N. Y. 535, 32 N. E. 1013; People v. Johnson, 139 N. Y. 358, 34 N. E. 920; People v. Place, 157 N. Y. 584, 52 N. E. 576. In People v. Place, Mrs. Place murdered her stepdaughter. When her husband came home, she also made an assault upon him and nearly killed him. Her purpose was to kill him, so as to prevent the murder of the stepdaughter from being discovered. The Court of Appeals held that this evidence, although extremely prejudicial, was entirely competent, inasmuch as it bore upon her demeanor, etc., and that it was tantamount to evidence of flight and the like.

The defendant has the benefit of a fair and impartial trial, and, since no good reason is given for the granting of a certificate of reasonable doubt in this case, the motion is denied.

Motion denied.