# CHARLESTON.

## STATE v. ROCK YOUNG.

### Submitted October 8, 1918.   Decided October 15, 1918.

1. CRIMINAL LAW—*Constitution of Grand Jury—Plea in Abatement.*
    The appropriate way to put in issue the validity of an indictment because of the improper constitution of the grand jury which found the same is by plea in abatement. (p. 716).

2. CONSTITUTIONAL LAW—*Motion to Quash—Construction as Plea in Abatement—Constitution of Grand Jury.*
    A paper filed in a criminal case in time for a plea in abatement, containing the allegations necessary to raise the question of the validity of an indictment because of the improper constitution of the grand jury, and properly verified, will be treated as a plea in abatement, notwithstanding the pleader designates it a motion to quash. (p. 716).

3. CRIMINAL LAW—*Equal Protection of the Laws—Exclusion of Colored Persons from Jury.*
    Whenever by any action of the state, whether through its Legislature, through its courts, or through its executive or administrative officers, all persons of the African race are excluded, solely because of their race or color, from serving as grand or petit jurors in the criminal prosecution of a person of the African race, the equal protection of the laws is denied to him contrary to the Fourteenth Amendment to the Constitution of the United States. (p. 716).

4. CRIMINAL LAW—*Equal Protection of the Laws—Race Discrimination—Sufficiency of Plea in Abatement.*

    A plea in abatement in a criminal case charging that the defendant belongs to the Negro race, that there are a large number of men of his race within the county qualified for grand jury service, that none such were upon the grand jury which found the indictment against him, that the list from which the grand jury which indicted him was drawn contained the name of no person of the Negro race, and that the county commissioners in making such list excluded all persons of the Negro race therefrom solely because of their race or color, sufficiently charges that he has been denied the equal protection of the laws in violation of the Fourteenth Amendment to the Constitution of the United States. (p. 717).

5. SAME—*Reasonable Doubt—Construction.*

    An instruction attempting to define the term "reasonable doubt," and concluding with these words addressed to the jury, "If you doubt as men you should doubt as jurors, but if you do not doubt as men you should not doubt as jurors," should not be given. (p. 717).

6. SAME—*Evidence of Other Offenses—Whole Transaction.*

    Upon the trial of one charged with murder, it is proper for the state to prove the whole transaction culminating in the murder, even though this involves proof that the accused committed an assault upon another in his efforts to accomplish the death of his victim. (p. 718).

*Reversed and remanded for new trial.*

Error to Circuit Court, Raleigh County.

*Brown W. Payne,* and *J. M. Ellis,* for plaintiff in error.

*E. T. England,* Attorney General, and *Chas. Ritchie,* Assistant Attorney General, for the State.

RITZ, JUDGE:

    Upon an indictment charging him with the murder of Gaston Booth the defendant was, by the criminal court of Raleigh county, tried, convicted, and sentenced to life imprisonment. The circuit court of said county refused to review the judgment of conviction, and this writ of error is prosecuted thereto. The defendant is a negro, and before pleading to the indictment he tendered what is called a motion to quash the

indictment upon the ground that he was denied the equal protection of the law, in that persons of the Negro race were excluded from the grand jury which found the indictment against him solely because of their race or color. As we said in the case of *State* v. *Cook,* 81 W. Va. 686, 95 S. E. 792, the appropriate way to challenge the proper constitution of the grand jury finding the indictment is by plea in abatement, but where a paper called a motion to quash is filed in time for a plea in abatement, is verified as such pleas are required to be verified, and contains allegations which, if true, would invalidate the indictment, it will be treated as a plea in abatement, notwithstanding the pleader may call it a motion to quash. The paper filed in this case called a motion to quash was verified by the affidavit of the defendant, was filed in proper time for a plea in abatement, and will be taken and treated as such. Upon the filing of this paper the state demurred thereto, and the court sustained this demurrer. Of course by demurring to this plea the state admitted all of the allegations contained in it, and the only question is its sufficiency. It charged that the county commissioners, whose duty it is to select the persons from whom the grand jury which found the indictment in this case were taken, selected no persons of color, or of African descent, known as negroes, but, on the contrary, excluded from their list all persons of African descent known as negroes, solely because of their race and color; and it further charges that the grand jury making the indictment was composed exclusively of persons of the white race, and that all persons of the colored race were excluded therefrom for the reason aforesaid; that the colored race constitutes about one-eighth of the population of Raleigh county, a large number of whom are qualified to serve as grand jurors, and that they were excluded from serving as grand jurors on the ground of their race and color, and alleging that this denied to the defendant the equal protection of the laws, he being of the colored race. This plea, we think, properly raised the question which the defendant desired to present. If the facts alleged in it are true, he was denied the equal protection of the law. As we said in *State* v. *Cook, supra,* "Whenever by any action of a

state, whether through its Legislature, through its courts, or through its executive or administrative officers, all persons of the African race are excluded, solely because of their race or color, from serving as grand or petit jurors in the criminal prosecution of a person of the African race, the equal protection of the laws is denied to him contrary to the Fourteenth Amendment to the Constitution of the United States.'' This plea avers that there were in the county a substantial number of colored men qualified for grand jury service, and that they were excluded from the grand jury which found the indictment against the defendant solely because of their race and color. If this is true the indictment should have been quashed. Upon the demurrer to the plea it must be taken as true. Consequently the demurrer should have been overruled and the state required to join issue on the plea.

Upon the trial of the case the court gave to the jury an instruction to the effect that it was the duty of the state to prove the guilt of the accused beyond all reasonable doubt; that this did not mean a mere vague, fanciful or imaginary doubt, but a substantial doubt based on the evidence, or lack of evidence; and it further advised the jury that if they doubted as men they should doubt as jurors, but if they did not doubt as men they should not doubt as jurors. This latter direction is criticised as improper. We have had occasion recently to comment upon the propriety of giving such an instruction to the jury. In the case of the *State* v. *Worley,* 82 W. Va. 350, 96 S. E. 56, it was condemned, and in the cases of *State* v. *Snider,* 81 W. Va. 522, 94 S. E. 981, and *State* v. *McCausland,* decided at this term of this court, it was disapproved. In each of these cases there was another ground upon which reversal was necessary, and it was not held that the giving of this instruction would justify a reversal if some other ground did not exist therefor. Nor do we say in this case that this alone would justify setting aside the verdict. There may be cases where the giving of such an instruction would require the reversal of the judgment, while there may be others where it can be seen that no injurious effect could have resulted therefrom. The instruction is an invitation to the jurors to disregard their oaths,

and it may be said that in a case where men of the race to which the jurors belong have prejudice, whether justifiable or not, against the race to which the accused party belongs, such an invitation tacitly at least invites them, to give full effect to their prejudices and predilections as men rather than to regard their oaths as jurors, and try the accused party as though they had no such racial prejudice. We are quite sure that such an instruction cannot be an aid to the jury in arriving at a just verdict; that the only tendency it could have is an improper one, that is, to invite the jury to give consideration to improper matters. The instruction should not have been given.

It is also objected that the court permitted the state to prove that in the same affray in which Booth was killed by the defendant he, the defendant, shot another man, the shot being intended, however, for Booth. It is contended that this was error because it was proof of another substantive and distinct offense, and should not have been allowed to be shown upon the trial of this case. This contention is not tenable. There was only one affray, and in that the defendant shot two men. It is entirely proper for the state to prove all of the things that the defendant did in his successful attempt to kill Booth. If in his attempt upon the life of Booth he killed another, it is entirely proper for the state to show this. It was part of the same transaction. Everything that the defendant did having for its purpose the taking of Booth's life was properly proved, even though it involved proof that another man was wounded by the defendant. Underhill on Criminal Evidence, §88; Wharton's Criminal Evidence, §33; *People* v. *Coughlin*, 13 Utah 58; *State* v. *Hayes*, 14 Utah 118; *People* v. *Smith*, 106 Cal. 73; *Hickman* v. *People*, 137 Ill. 75; *People* v. *Pallister*, 138 N. Y. 601; *Glory* v. *The State*, 13 Ark. 236; *State* v. *Vines*, 34 La. Ann. 1079; *People* v. *Marble*, 38 Mich. 117; *People* v. *Foley*, 64 Mich. 148; *People* v. *Wright*, 89 Mich. 70; *Killins* v. *The State*, 28 Fla. 313; *Crews* v. *The State*, 34 Tex. Criminal Rep. 533; *Wilkerson* v. *The State*, 31 Tex. Criminal Rep. 86; *State* v. *Creamer*, 12 Wash. 217; *Seams* v. *The State*, 84 Ala. 410; *Commonwealth* v. *Sturtivant*, 117 Mass. 122; *Greenwell* v. *The Commonwealth*, 125 Ky. 192.

Because of the errors above pointed out we reverse the judgment complained of, set aside the verdict of the jury, and remand the cause for a new trial.

*Reversed and remanded for new trial.*