STATE OF WEST VIRGINIA

*v.*

PAUL HANKISH

(No. 12119)

Submitted April 24, 1962.     Decided June 19, 1962.

*A. Blake Billingslea, Harrison Conaway,* for plaintiff in error.

*C. Donald Robertson,* Attorney General, *Claude A. Joyce,* Assistant Attorney General, for defendant in error.

BERRY, JUDGE:

The defendant, Paul Hankish, was indicted in a joint indictment along with three other persons for breaking and entering the Community Market in the City of Fairmont, Marion County, West Virginia. He was tried in the Criminal Court of Marion County and found guilty by a jury of said Court and sentenced by the Court on July 6, 1960, to a term of from one to ten years in the State Penitentiary at Moundsville.

The Circuit Court of Marion County refused to grant a writ of error to this judgment on February 8, 1961, and upon application to this Court, a writ of error and supersedeas was granted to said judgment on June 12, 1961. At the request of the defendant, a continuance was granted to April

24, 1962, at which time the case was submitted on briefs for decision.

The facts in this case are quite simple and uncontradicted. About 3 o'clock in the morning of September 6, 1959, a citizen who lived near the Community Market in Fairmont heard noises coming from the building and called the city police. A cruiser car with two officers was dispatched immediately to investigate the report. Upon investigation, the officers ascertained that someone was in the building in question; in fact, they actually saw two people inside. Other city and county officers were summoned to the scene. The building was surrounded by the police and a lock was shot off the door, after which two officers entered the building.

A crowbar, acetylene cutting torch and screw drivers not belonging to the store were found in the premises. The lock on one of the doors had been tampered with, and about the time two of the officers entered the store, three men, including the defendant, ran out of the building where they were placed under arrest by other officers. The defendant who was identified as one of the men seen fleeing from the building was wearing brown cotton gloves at the time of his arrest. He offered no evidence in his defense during the trial.

Twenty-six errors were assigned in the petition for a writ of error, and twenty-two errors listed in the defendant's brief. However, only three errors were discussed or argued in the brief, and apparently the other errors were abandoned by the defendant in the argument contained in his brief. However, notwithstanding this action on the part of the defendant, we are of the opinion, after examining the other assigned errors, they do not constitute prejudicial error, and in most instances have no merit, as clearly indicated by the facts and the errors assigned asserting that the verdict was not supported by the evidence. The record clearly discloses that the defendant was guilty of the offense charged. There was no denial thereof; thus no other verdict would have been warranted under the undisputed evidence in this case. *State* v. *Taylor,* 130 W. Va. 74, 42 S. E. 2d 549; *State* v. *Justice,* 135 W. Va. 852, 65 S. E. 2d 743.

The three assignments of error argued in the defendant's brief which are considered herein are: (1) The trial court erred in overruling the defendant's motion to quash the array or panel of jurors used in the trial of this case; (2) prejudicial error was committed by the court's treatment of counsel for the defendant and the court's prejudicial remarks; and, (3) reversible error was committed by the trial court in the refusal to give fifteen of the thirty-eight instructions offered by the defendant.

In connection with the first assigned error, two attorneys for the defendant made an affidavit that the twenty jurors used in the panel from which the jury was selected to try this case were not drawn, selected or summoned in accordance with the provisions of Code, 52-1-15, in that they were drawn or summoned by a deputy clerk who at the time he did so was not in the presence of the court which would constitute an illegal drawing or summoning of the twenty jurors. A written motion to quash the panel or array of these twenty jurors was filed listing the twenty names, and stating they were not drawn in accordance with Code, 52-1-7; that they were not drawn by an order of the court, and were not drawn by the clerk in the presence of the court in accordance with Code, 52-1-15. The motion to quash was signed by an attorney for the defendant but was not verified. This motion was overruled by the trial court.

The statutes dealing with the selection of jurors have been held to be directory and error predicated thereon will not be reviewed after verdict unless it is apparent the accused was prejudiced thereby. *State v. Emblem,* 46 W. Va. 326, 33 S. E. 223; *State v. Huff,* 80 W. Va. 468, 92 S. E. 681; *Walker v. Robinson,* 141 W. Va. 563, 91 S. E. 2d 468. A verdict will not be set aside for any irregularity in drawing, summoning or impaneling a jury unless properly objected to before the swearing of the jury or unless it is shown that the party making the objection was injured thereby. Code, 56-6-16. *Sweeney v. Baker,* 13 W. Va. 158, 31 Am. Rep. 757; *Flesher v. Hale,* 22 W. Va. 44; *Garrett v. Patton,* 81 W. Va. 771, 95 S. E. 437. The *Flesher* case held that even a verdict returned by a jury including a disqualified juror would not

be set aside if the party was not injured thereby. In the case at bar there is no contention that any of the jurors was disqualified. The only contention made was that the jury was drawn irregularly, and there is no contention or showing that the defendant was injured by the method of drawing or selecting the jury in question. It has also been held that such jurors may be selected upon oral order of the court. *State* v. *Price,* 96 W. Va. 498, 123 S. E. 283; *State* v. *Sauls,* 97 W. Va. 184, 124 S. E. 670.

Wide latitude has been given to the selection or obtaining of jurors under circumstances similar to those in the case at bar. *State* v. *Hall,* 31 W. Va. 505, 7 S. E. 422; *State* v. *Mills,* 33 W. Va. 455, 10 S. E. 808. In any event, the proper method of challenging, before the trial of a case, alleged irregularities in the selection, drawing or impaneling of jurors is by a plea in abatement before any alleged error in the selection of same can be asserted. 14 Am. Jur., Criminal Law, § 263; 22 C.J.S., Criminal Law, §§ 426, 427; *State* v. *Taylor,* 57 W. Va. 228, 50 S. E. 247; *State* v. *Cook,* 81 W. Va. 686, 95 S. E. 792; *State* v. *Young,* 82 W. Va. 714, 97 S. E. 134. There was no plea in abatement filed in this case, and the motion to quash, which properly should relate only to the indictment, could not be considered as equivalent to a plea in abatement, since it was not in the proper form to be such plea and was not verified. Therefore, this matter was not properly pleaded, and for that reason alone should not be considered. See *State* v. *Cook, supra,* and *State* v. *Young, supra; State* v. *DeBoard,* 119 W. Va. 396, 194 S. E. 349.

The second assignment of error dealing with the court's treatment of counsel for the defendant, and its prejudicial remarks, is based upon the actions of the trial court in overruling motions of counsel for the defendant for a continuance, change of venue, mistrials, and in exhibiting impatience on the part of the court, and in improperly criticizing the defendant's counsel.

It is to be noted from the record the attorney for the defendant made numerous unnecessary and unwarranted objections and motions which no doubt prompted some of the action on the part of the trial court which is complained of

by the defendant's attorney. It should also be pointed out that trial courts have wide discretion with regard to the conduct of trials, and unless it clearly appears that there has been such abuse of this discretion as would prejudice the defendant, the verdict of the jury will not be disturbed. 19 M. J., Trials, § 3; *Koontz, Phillips & Stamm* v. *Mylius,* 77 W. Va. 499, 87 S. E. 851; *Nicholas* v. *Granite State Fire Insurance Co.,* 125 W. Va. 349, 24 S. E. 2d 280.

It has been held that a trial court not only is permitted to take part in a trial, but has the duty to do so, in order to facilitate its orderly progress, and the remarks or conduct of the court in performing its duty will not constitute error if they are such as do not discriminate against or prejudice the defendant. *State* v. *Hamrick,* 112 W. Va. 157, 163 S. E. 868; *State* v. *Justice,* 135 W. Va. 852, 65 S. E. 2d 743.

Judges are only human, and if they merely display a certain amount of impatience during the trial of a case it is not error, especially if it is occasioned by the conduct of counsel during the trial of the case. *State* v. *Justice, supra; Parsons* v. *Commonwealth,* 154 Va. 832, 152 S. E. 547. There is nothing in the record that would indicate that the trial court during the trial of this case expressed an opinion as to the guilt or innocence of the accused, or an opinion with regard to the truth or falsity of the evidence, or that his action was of such character as to prejudice the defendant or to prevent a fair trial in the case. As a general rule, such partisan action on the part of the trial court is necessary in order to constitute reversible error. 5 M. J., Criminal Procedure, § 46; *State* v. *Prater,* 52 W. Va. 132, 43 S. E. 230; *State* v. *Loveless,* 140 W. Va. 875, 87 S. E. 2d 273; *Parsons* v. *Commonwealth,* 154 Va. 832, 152 S. E. 547.

The part of this assignment which is stressed in the brief of the defendant is the alleged improper treatment of counsel for the defendant by the trial court.

It is true that a trial court should be courteous to the defendant's counsel and refrain from any improper criticism. *State* v. *Loveless, supra.* However, there is nothing to indicate, in connection with this alleged improper conduct on

the part of the court toward defendant's counsel, that the court expressed any opinion with regard to the guilt or innocence of the defendant. Consequently, we are of the opinion, under the facts and circumstances surrounding this case and the trial thereof, that there is no reversible error in connection with the remarks or conduct of the trial court during the trial of the case presented here.

One of the contentions of the defendant under this assignment is that the trial court refused to allow counsel for the defendant to cross-examine Lieutenant Carl E. Edwards with regard to seeing and identifying the defendant inside the building, claiming that the same witness, in another trial, testified that he saw and identified another man, all of which was at the same time. The record indicates that this is not true, that in the trial of Vincent Innocenzia, Lieutenant Edwards identified Innocenzia in another location, and, that in the case at bar, he identified the defendant at an entirely different time and place. Furthermore, when later in the present trial defendant's counsel vouched the record with regard to this matter, he stopped short of placing in the present record a statement of the witness as to whom he identified in the prior trial. All of this indicates that there was no prejudicial error resulting in connection with the cross-examination of Lieutenant Edwards, because he saw and identified both Innocenzia and the defendant. The right of cross-examination is not an unlimited one and it is subject to the discretionary power of a trial court to restrict or limit such cross-examination where it is justified. *State* v. *Justice, supra.*

The assignment of error dealing with the giving and refusing of instructions on the part of the trial court is without merit in this case. One of the assignments alleges that the trial court erred in giving to the jury, over the objections and exceptions of the defendant, Instructions 5 and 6 offered by the state. Instruction 5, offered by the state, was not given and only 5 instructions were offered. Therefore, there was no instruction number 6 offered by the state which the defendant claims was prejudicial error. The defendant offered 38 instructions, 15 of which were refused.

Of the 15 instructions, Instructions 1, 2 and 4 were peremptory instructions to find the defendant not guilty, which instructions were properly refused by the court. The other instructions were either not applicable to the instant case or were covered by other instructions offered by the defendant and given by the court. Instruction 38, which the defendant claims was refused, creating reversible error on the part of the trial court, was actually given. Therefore, no error was committed in connection with the instructions given and refused by the trial court in the present case.

For the reasons stated herein, the judgments of the Circuit Court and the Criminal Court of Marion County are affirmed.

*Affirmed.*