# CHARLESTON.

STATE *v.* EMBLEM.

Submitted February 1, 1899—Decided April 8, 1899.

1. CRIMINAL LAW—*Continuance.*

The judgment of a criminal court, refusing a continuance, will not be reversed unless plainly erroneous, *State* v. *Lane,* 44 W. Va. 730. (p. 327.)

2. CRIMINAL LAW—*Jury—Excusing Jurors.*

Where a panel of twenty jurors, free from exception, is completed from those in attendance for the trial of a criminal case, the objection that, previous to the making up of such panel, the court had excused from attendance certain jurors on the original venire for that term of the court is not tenable. (p. 328.)

Error to Criminal Court, Ohio County.

George Emblem was convicted of burglary, and brings error.

*Affirmed.*

W. W. ARNETT, for plaintiff in error.

EDGAR P. RUCKER, Attorney General, and EDWIN M. KEATLEY, for the State.

DENT, PRESIDENT:

At a criminal court held for the county of Ohio, on the 30th day of August, 1898, George Emblem was sentenced to eight years' confinement in the penitentiary on conviction of burglary. He applied to the circuit court for a writ of error, which was refused. He then applied to a judge of this Court, who allowed the same.

The first point of error assigned is the refusing him a continuance on his affidavit. Unless such refusal is plainly erroneous, the judgment will not be reversed on account thereof. *State* v. *Lane*, 44 W. Va. 730, (29 S. E. 1020;) *State* v. *Cain*, 36 W. Va. 730, (15 S. E. 982). The affidavit is based on the evidence of Dr. G. P. Hedges, in the United States army somewhere at the front, but his exact location unknown to the prisoner. What he expects to prove by him, and can prove by no other witness, is "as to where and how he went to his grandfather's residence, * * * and the time he left there," the supposed night of the burglary, to wit, the 19th day of December, 1896. He says he has another witness to prove that he remained there that night, being the night of the burglary. Dr. Hedges' testimony, given on a former trial of the case, was considered on the motion. In it he states, to the best of his recollection, the prisoner came to his grandfather's residence between five and six o'clock the evening of the 19th and did not leave until about the same time the next evening. The prisoner stated he wanted the doctor present, so that he might amend his deposition by stating that he walked with the prisoner to his grandfather's residence about 6 o'clock the evening of the burglary, and they all took supper there together. It is not possible to see that, if such evidence were given, it would materially affect the case, and therefore it is impossible to hold that the action of the criminal court was plainly erroneous in refusing a continuance on account thereof.

The only other error assigned is that the court erred in selecting a jury from the remnant of the panel after a part thereof had been discharged. Section 33, chapter 159, Code, provides that "in a case of felony, twenty jurors shall be drawn from those in attendance for the trial of the accused. If a sufficient number of jurors for such panel can-

not be procured in this way the court shall order others to be forthwith summoned and selected until a panel of twenty jurors free from exception be completed." There is no objection made that this law was not fully complied with, and that a panel of twenty jurors, free from exception, was not completed from those in attendance, but that the original list of jurors, as summoned by the officers, was not full, for the reason that some of them had been excused by the court. Such objection is without legal or just foundation, and was therefore properly overruled. The prisoner having had a fair trial, without apparent error, the judgment is affirmed.

*Affirmed.*