# CHARLESTON.

State *v.* Alex Paun

(No. 6675)

Submitted October 14, 1930. Decided October 21, 1930.

*John B. Wyatt,* for plaintiff in error.

*Howard B. Lee,* Attorney General and *W. Elliott Nefflen,* Assistant Attorney General, for the State.

HATCHER, JUDGE:

Defendant was convicted of unlawfully selling liquor. The sale was made to a deputy sheriff in defendant's pool room. He admitted the sale, but contends that he was entrapped into making it, and should therefore be exempted from punishment. He testifies that he had never dealt in liquors, but that on the evening of the sale, upon the representation of the officer that he had a cold, might get the flu, and wanted some liquor from defendant, he had a strange young man who was in the pool room at the time, go out and bring a pint of whiskey to him, which he then gave to the officer, desiring no payment, but money was thrust upon him by the officer. The accommodating stranger did not appear at the trial, but two witnesses who claimed to have been in the pool room at the time, corroborated defendant as to the movements of the stranger. The deputy sheriff denied any inducements for the sale, other than a mere request for a pint, denied any association of defendant with a third person, and also denied that defendant showed any reluctance to accept the money. Other officers who were without the building said no person entered or left the pool room while the whiskey transaction was taking place. Under the evidence of the state, the defendant was not entrapped. The jury accepted that evidence. We see no reason to question that acceptance.

The defendant charges error in the exclusion of testimony offered by him. As this charge is merely general and without specification, it will not be considered.

The explanation given by the officer for attempting the purchase was that he had information of whiskey being sold at the pool room. The defendant alleges error in the admission of this evidence, on the ground that it was hearsay. The

hearsay rule excludes such testimony only when offered "as evidence of the truth of the matter asserted"; and does not operate against such testimony offered for the mere purpose of explaining previous conduct. 16 C. J., subject Cr. Law, sec. 1233.

The defendant then complains because he was not permitted to cross-examine the officer as to the source of his information. The proper execution of the law in detecting criminals ordinarily forbids requiring officers to disclose informants of crime. Underhill on Cr. Ev., sec. 287. No reason appears for taking this case out of the general rule.

The final allegation of error is the refusal to give defendant's instructions Nos. 2, 3, 4, 5 and 6. Nos. 3, 4 and 5 are fairly covered by his number one, which was given. Nos. 2 and 6 contain the hypothesis that the officer induced the defendant "to obtain the liquor from another." This hypothesis finds no support even in defendant's own testimony, so instructions Nos. 2 and 6 were also properly rejected.

Perceiving nothing prejudicial to defendant in the trial, the judgment of the circuit court is affirmed.

*Affirmed.*