STATE OF WEST VIRGINIA *ex rel.* SADIE M. LYKENS, *Admx.* *v.* J. F. BOUCHELLE, *Judge*

(No. 9142)

Submitted October 1, 1940. Decided October 8, 1940.

*H. D. Rollins*, for relator.

*Mose E. Boiarsky, Sam Lopinsky* and *John Charnock*, for respondent.

HATCHER, JUDGE:

Relator, plaintiff in a civil action for an alleged wrongful death, seeks here by mandamus to have the circuit court compelled to permit the examination by her counsel of a copy, in possession of the court, of the record and report of officers who investigated the death.

The court acquired the copy in this manner. Plaintiff filed a verified petition stating that such a report, together with the signed written statements of "divers" persons who had valuable information relating to the manner of her decedent's death, were in possession of the superintendent of the department of public safety; that he had refused her counsel inspection thereof; that she desired to introduce the statements in evidence at the trial; and that it was necessary for her counsel to inspect the statements in advance to learn who signed them and their contents. Thereupon, the Court, on September 13, 1940, entered an order requiring the superintendent to produce the report in court on September 21st for examination by counsel. In the interim, the court "communicated" with the superintendent, requesting his permission to examine the report, and was advised by him that he did not object to furnishing the court such records or data as the court might care for, and that a copy of the record in question had been filed with the prosecuting attorney which, if agreeable to him, the court could conveniently inspect. The court procured that copy, and after reading it, revoked, in effect, the order of September 13th, on the

ground that permitting counsel to examine the copy would be against public policy. Before the revocation, petitioner tendered to the court an amendment to her petition, alleging that a certain class of the affiants worked for an employer who they said had advised them not to talk under penalty of discharge. The employer came before the court and, under oath, denied the advice and the threat.

The rule that statements of persons to public officers investigating a crime or a possible crime are privileged, is so well established that "its soundness cannot be questioned." Wigmore on Ev. (3rd Ed.) sec. 2374. It is equally well settled that the head of the department where the statements are reposed, will not ordinarily be required to disclose them by the courts when in his opinion the disclosure would be prejudicial to the public service. These rules are based on public policy. Jones Comm. on Ev. (2d Ed.) sec. 2203; 70 C. J. Witnesses, sec. 616. However, such immunity from disclosure is not "absolute", as was held in *Worthington* v. *Scribner,* 109 Mass. 487, 12 Am. Rep. 736, and other earlier decisions. Whenever it should appear to the court that the statements would tend to show the innocence of an accused person, or lessen the risk of false testimony, or otherwise be essential to the proper determination of a case, then a paramount public policy would require that the statements be so used. Mr. Wigmore, *supra,* says that such exceptions to the general rule are "inherent in its logic and its policy." See the English cases there cited, particularly *Marks* v. *Beyfus,* L. R. 25 Q. B. D. 494, and *Wilson* v. *United States,* 59 Fed. (2d) 390, 392.

The superintendent, the head of the department here, seems to have made the trial court the keeper of his discretion. Nothing so far has developed in this case that should cause that court to disregard the general rule. We do not overlook the allegation here of the relator that she believes she cannot "get the truth out of the witnesses who gave the said statements unless she is permitted to examine the said report and record." But she alleges no

fact upon which to base the belief. As to the proposed witnesses not talking to her counsel, they can be summoned and the trial court will see to it that the ends of justice are not defeated by recalcitrant witnesses. And if, when testifying, their evidence should vary from the statements in question, the trial court, knowing the statements, can then take such steps as would be consonant with justice.

The discretion of the trial court is respected and the writ refused.

*Writit refused.*