William F. **HAMRICK**, Petitioner,

v.

Otto C. **BOLES**, Warden of the West Virginia State Penitentiary, Respondent.

**Civ. A. No. 1337–W.**

United States District Court
N. D. West Virginia,
Wheeling.
May 27, 1964.

raised the question in a motion to dismiss.

Jolyon W. McCamic, Wheeling, W. Va., for petitioner.

George H. Mitchell, Asst. Atty. Gen., for respondent.

PAUL, Chief Judge.

The petitioner, William F. Hamrick, was indicted by the Grand Jury in Mercer County, West Virginia, July 5, 1963, for unarmed robbery. Counsel was appointed to represent him by the Judge of the Circuit Court of Mercer County. After some "bargaining" between the appointed counsel and the Prosecuting Attorney, the latter said that he would recommend the "minimum sentence of 5 years" upon a plea of guilty. Hamrick's counsel communicated this to Hamrick, and Hamrick consented to plead guilty.

After the Prosecuting Attorney had informed the Judge of the arrangement, Hamrick was arraigned on July 12, 1963, entered his guilty plea, and a sentence for the definite term of 5 years was imposed by the court. An order was prepared and entered reciting the acceptance of the guilty plea, the denial of a motion for probation, and the imposition of the 5 year sentence; and an order of commitment upon the sentence was also prepared, signed by the Judge and entered.

When Hamrick was taken to the penitentiary, the prison officials refused to accept the commitment in its tendered form, calling attention to the fact that the statute (Code Chapter 61, Article 2, Section 12; Michie's Code, Section 5927) had been amended in 1961 to provide a mandatory penalty of an indeterminate sentence of not less than 5 nor more than 18 years. Prior to the amendment the statute had provided for a minimum sentence of 5 years.

Upon the receipt of this information the original orders were destroyed and new orders inserted in their place, reflecting sentence and commitment "(f)or a period of 5 to 18 years", with the "(r)ecommendation of this Court that the defendant serve 5 years of said sentence;". The amended orders bear the same date as the original, but they were signed and entered, in the absence of Hamrick, after the expiration of the term of court at which Hamrick was convicted. Hamrick is now held upon these substituted orders of conviction, sentence and commitment.

It is apparent that the original orders and the deal upon which they were entered were all based upon a misapprehension of the applicable statute. In entering the revised orders, which correctly applied the applicable law, the court came as close as he could to the original understanding. It isn't close enough.

The indeterminate sentence statute (Code Chapter 61, Article 11, Section 16; Michie's Code, Section 6128), which is applicable to the amended robbery statute, makes provision for recommendations of a definite term by the sentencing judge, but those recommendations are not binding upon the Board of Pardon and Parole, which, alone, has jurisdiction to determine the period of confinement under the indeterminate sentence. Furthermore, with reference to indeterminate sentence, the statute (Code Chapter 62, Article 12, Section 13a; Michie's Code, Section 6291(20a)) fixes parole eligibility at the expiration of the minimum sentence, rather than the usual one-third of a definite sentence. This, then, is not merely the correction of a clerical error. The so-called "correction" imposed a penalty substantially

more onerous than the one Hamrick was led to expect as an inducement for his guilty plea.

 Guilty pleas induced by promises are always suspect, and, where the promises are not kept, for whatever reason, it is clear that a conviction based thereon cannot pass the constitutional tests of due process. See, e. g., Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927), and Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).

The conviction, sentence and commitment under which the petitioner is now held are set aside and held for naught, preserving, however, to the State any right it has to retry Hamrick, upon the indictment or for the crime which the indictment accused, in proceedings devoid of constitutional infirmities. The order of release shall be stayed for a period of 10 days from the receipt of notice of the order, to permit the State to initiate such proceedings, and will be stayed thereafter for a reasonable time to permit the State promptly and diligently to pursue such proceedings.