STATE OF WEST VIRGINIA

*v.*

OKEY MORGAN DYER

(No. 13683)

Decided March 22, 1977.

*Ernest V. Morton, Jr.* for Dyer.

*Chauncey H. Browning,* Attorney General, *Marianne Kapinos,* Assistant Attorney General, for State.

McGRAW, JUSTICE:

The defendant, Okay Morgan Dyer, is under sentence to pay a $100.00 fine and to serve one month in jail, with subsequent probation for one year, following his misdemeanor conviction, on January 15, 1975, in the Circuit Court of Webster County, on an indictment charging him

with "driving a motor vehicle while under the influence of intoxicating beverages and liquors." In his petition for a writ of error and supersedeas, heretofore granted in this Court on January 26, 1976, he sets out four errors of the trial court as bases for judicial review:

1. Admitting in evidence the testimony of state police officer concerning the results of a breathlyzer test.

2. Giving State's Instruction No. 2 embracing an incorrect statement of facts.

3. Giving State's Instruction No. 5 and refusing to give Defendant's Instruction No. 13 concerning the elements of the offense charged.

4. Giving State's Instruction No. 2 embracing an incorrect statement of the law.

In his brief and arguments, defendant's attorney adds a fifth point of error—that the "prima facie evidence" provided in W. Va. Code, 17C-5A-5(c), as embraced in State's Instruction No. 2, unconstitutionally employs a presumption in aid of proof of the criminal offense charged.

The State denies that the trial court erred, separately responding to the defendant's point of error 1 and 3, and combining a response to defendant's points of error 2, 4 and 5.

In the syllabus in *State v. Hood*, 155 W. Va. 337, 184 S.E.2d 334 (1971), the Court held:

> "Before the result of a Breathalyzer test for blood alcohol administered pursuant to Code, 17C-5A-1, et seq., as amended, is admissible into evidence in a trial for the offense of operating a motor vehicle while under the influence of intoxicating liquor, a proper foundation must be laid for the admission of such evidence."

At page 342 in the *Hood* case, the court noted:

> "It further appears that the necessary foundation before the admission of the results of any test are: (1) That the testing device or equipment was in proper working order; (2) that the person

giving and interpreting the test was properly qualified; (3) that the test was properly conducted; and (4) that there was compliance with any statutory requirements...."

* * *

"An examination of various cases leads to the conclusion that not only should the person administering the test be qualified, but the equipment must be in proper operating condition and have been periodically tested. In addition, there is authority that the subject of any breath test should be observed for at least fifteen minutes to determine that he takes no food, drinks or other substance into his mouth during this period, since any foreign substance in the mouth or taken during this period will destroy the validity of the test."

The arresting officer was Trooper Fred W. Dickinson, who is a law-enforcement officer—a member of the Department of Public Safety of the State, and a person by whom or at whose direction a breathalyzer test may be administered to the accused. W. Va. Code, 17C-5A-1. His testimony as to the arrest, his advice and explanations to the accused concerning the required test, his qualifications to administer the test, his explanation of the procedures required and employed in giving the test, and test readiness of the breathalyzer equipment at the time of the test is covered in 39 pages of trial transcript. Defense counsel at times objected that a proper foundation had not been laid for admission of evidence relating to administration of the test and, at one time, objected that explanatory testimony of the state trooper was ambiguous and not pertinent. Conferences between the trial court and the prosecution and defense attorneys resulted in development of record evidence satisfying the court that a proper foundation had been laid for admission of testimony concerning administation of the test to the accused and the results of the test.

Sergeant J. H. Parsons of the Department of Public Safety accompanied Trooper Dickinson in locating and

arresting the defendant on State Route 15 in Webster Springs. Trooper Dickinson made the arrest. At the time, according to his testimony, he had "approximately 9 years" experience as a state policeman. He had a six weeks course at the State Police Academy including training in the operation and use of, and in the administration of tests by the breathalyzer equipment. The training course was conducted by the Criminal Identification Bureau of the Department of Public Safety. Trooper Dickinson had previously conducted numerous breathalyzer tests. He was registered with the West Virginia Department of Health as a certified operator of the breathalyzer equipment. The breathalyzer, a product of the Stevenson Corporation, was warmed up and found ready for the test as administered to the defendant, according to Trooper Dickinson's testimony. The accused had been in the presence of the trooper since the time of his arrest and had not ingested any food or drink for a period of fifteen minutes prior to the time the breathalyzer test was administered. The test results showed "alcohol content measurement in the breath" of the accused to be "point one one (.11)"—affirmed to be .11 "one hundredths of one percent" by weight. Upon the trial court's inquiry of the witness whether his answer, "Point one one (.11)" to the question "What was that alcoholic weight, by volume, sir," means "point one one eleven one hundredths of one per cent," the witness responded in the affirmative. The trial judge was satisfied as to the legality and sufficiency of the test, overruled defense counsel's objections, and admitted the test results in evidence.

Counsel for defendant contends that State's Instruction No. 2, as given by the trial court, was erroneous since no "chemical analysis was made of defendant's blood." The breathalyzer test, as made in this case, is one testing means or method provided by law for testing the alcoholic content of a person's blood. W. Va. Code, 17C-5A-1. Defense counsel also contends that a vast difference exists between the evidence and the instruction and that the difference was confusing to the jury con-

cerning the test results showing eleven hundredths of one percent by weight of alcohol in defendant's blood. Further, defense counsel contends that State Instruction No. 2 incorrectly stated the law. He states that the statute, W. Va. Code, 17C-5A-5, relating to the test results as constituting prima facie evidence, "creates a presumption and thereby denies the defendant due process of law," as guaranteed by the federal and state constitutions. His brief cites and relies on *State v. Pendry*, ____ W. Va. ____, 227 S.E.2d 210 (1976), in support of his contention that the statute is unconstitutional.

To be admissible in evidence at the trial of a person charged with driving a motor vehicle on the public streets or highways of the State while under the influence of intoxicating liquor, pursuant to provisions of W. Va. Code, 17C-5A-5, the results of a breathalyzer test administered to such person "must be performed in accordance with methods and standards approved by the state department of health." The statute so requires. The requirement is a component of the foundation for admission of the evidence as stated in *State v. Hood*, *supra*. A careful review of the record in the present case fails to disclose that the breathalyzer test was so performed on the defendant in accordance with methods and standards approved by the State Department of Health. The trial court's order of April 4, 1975 brought into the record in this case the West Virginia Board of Health Regulations Governing the Methods and Standards Relating to Chemical Test for Blood Alcohol Implied Consent Law. The record evidence fails to show compliance with Section 3.02(a) of the Regulations, which reads as follows:

> "Breath testing instruments must be calibrated no less frequently than after every (10) tests or after (9) days if fewer than ten (10) tests are performed in any nine (9) day period, using appropriate solutions of ethyl alcohol, and using methods and techniques for calibration recommended by the manufacturer of the calibration instrument."

The statute, W. Va. Code, 17C-5A-5, is mandatory, requiring compliance with the "methods and standards approved by the state department of health" without exception. The State has failed to sustain its burden of proof on the issue, the results of the breathalyzer test were improperly admitted in evidence, and the error is clearly prejudicial to the defendant. This determination makes it unnecessary to consider at length and discuss defendant's other points of error.

The judgment of the Circuit Court of Webster County, entered in this action on January 29, 1975, is reversed, the verdict of the jury is set aside, and defendant is awarded a new trial.

*Judgment reversed;*
*verdict set aside;*
*new trial awarded.*