# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.)  No. 22-809** (Preston County 19-F-49)

**Kelly Marie Tusing,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Kelly Marie Tusing appeals the order of the Circuit Court of Preston County, entered on September 21, 2022, that resentenced her (on remand) for her conviction of death of a child by a parent, guardian, or custodian by child abuse (W. Va. Code § 61-8D-2a(a)).[1] She argues that when imposing sentence, the circuit court erred by recommending that she never be granted parole. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision is appropriate. *See* W. Va. R. App. P. 21.

Ms. Tusing was tried by a jury, in 2020, for the death of an infant child left in her care. The jury found her guilty, and the circuit court sentenced her to imprisonment for a determinate term of one hundred years. Ms. Tusing appealed her conviction and sentence. While we upheld Ms. Tusing's criminal conviction, we reversed and remanded the matter to the circuit court because "[u]nder the indeterminate sentence law, the trial court in imposing sentence is only empowered to impose a general sentence of imprisonment in the penitentiary as provided by law for the offense involved[.]" *State v. Tusing*, 247 W. Va. 145, 154, 875 S.E.2d 283, 292 (2022) (quoting Syl. Pt. 4, in part, *Cohn v. Ketchum*, 123 W. Va. 534, 17 S.E.2d 43 (1941)). The punishment authorized by statute for Ms. Tusing's conviction is an indeterminate sentence of fifteen years to life. *See* W. Va. Code § 61-8D-2a(c).

When ordering remand, we opined that West Virginia Code § 61-11-16

allows a court to add a suggestion to its sentencing order as to the length of time an offender should serve, in the court's opinion, before being granted parole—a recommendation that is not binding, as parole eligibility is determined by statute, W. Va. Code § 62-12-13(b)(1)(A), and "[t]he final determination regarding the release of inmates from penal institutions . . . shall remain within the exclusive

---

[1] Ms. Tusing appears by counsel Jeremy B. Cooper. Respondent State of West Virginia appears by Attorney General Patrick Morrisey and Assistant Attorney General William E. Longwell.

1

jurisdiction of the board of probation and parole[,]" W. Va. Code § 62-13-2(b) (2020).

*Tusing*, 247 W. Va. at 154-55, 875 S.E.2d at 292-93. Ms. Tusing appeared for resentencing in September 2022, and the circuit court imposed the statutory sentence of a term of imprisonment for fifteen years to life. The circuit court's sentencing order contained the court's "affirmative recommendation . . . that [Ms. Tusing] serve a full life sentence."

On appeal, Ms. Tusing asserts a single assignment of error. She argues that the circuit court exceeded its authority when recommending that she "never be granted parole." In support of this assignment of error, she argues that this Court misapprehended West Virginia Code § 61-11-16 in allowing the circuit court to advise on the length of time Ms. Tusing should serve before being granted parole. "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review.' Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995)." Syl. Pt. 1, *State v. McCartney*, 228 W. Va. 315, 719 S.E.2d 785 (2011). We further note that unless a sentence "violates statutory or constitutional commands," we review a court's imposition of a sentence for an abuse of discretion. Syl. Pt. 1, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). Still, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982).

Our guidance in *Tusing* is explicit and consistent with legislative intent. Moreover, were we to find the circuit court's recommendation incompatible with statutory construction, the sentence would nevertheless not be reviewable because it is within the range prescribed by statute and there is no evidence that the recommendation was based on an impermissible factor. *See State v. Bennett*, 172 W. Va. 123, 130, 304 S.E.2d 28, 35 (1983) (circuit court did not err, though it would have been impossible for the parole board to follow the circuit court's recommendation). As we explained in *Tusing*, the circuit court's recommendation is non-binding and "the Board of Pardon and Parole . . . alone, has jurisdiction to determine the period of confinement under the indeterminate sentence." 247 W. Va. at 155, 875 S.E.2d at 293 (quoting *Hamrick v. Boles*, 229 F. Supp. 570, 571 (N.D.W. Va. 1964)). The court did not, therefore, act outside of its authority when recommending that Ms. Tusing remain incarcerated for life.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** March 20, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton

**DISSENTING:**

Justice C. Haley Bunn


BUNN, Justice, dissenting:

I dissent to the majority's resolution of this matter because I would have set this case for Rule 19 oral argument to clarify the meaning of "less than life imprisonment" as used in West Virginia Code § 61-11-16. Having reviewed the briefs, as well as the issue raised therein, I believe a formal opinion of this Court was warranted—not a memorandum decision. Accordingly, I respectfully dissent.